IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RANDALL GARDNER,** Individually And On Behalf Of All Others, <br><br>           Plaintiffs, <br><br>vs. <br><br>**EMPLOYBRIDGE SOUTHEAST, LLC** <br>**d/b/a STAFFING SOLUTIONS SOUTHEAST, INC.** <br>**d/b/a PROLOGISTIX** <br>Registered Agent <br>Corporate Creations Network <br>350 S. Northeast Hwy, Ste. 300 <br>Park Ridge, IL   60068 <br><br>           Defendant. | Case No.: 3:22-cv-1780 <br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Randall Gardner, by and through his attorneys, and on behalf of himself, the Putative Classes set forth below, and in the public interest, brings the following class action Petition against Defendant, EmployBridge Southeast, LLC ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant obtained information concerning the Plaintiff from a consumer reporting agency.

3. Defendant paid a fee to the consumer reporting agency for the information it obtained concerning the Plaintiff.

4. The information obtained from the third party concerning the Plaintiff was a

Consumer Report (as a Consumer Report is defined pursuant to the FCRA).

5. Defendant relies on information in Consumer Reports to make decisions regarding prospective or current employees.

6. Defendant relies on information in Consumer Reports, in whole or in part, as a basis for adverse employment action; such as a refusal to hire and/or termination.

7. Plaintiff asserts FCRA claims against Defendant on behalf of himself and a class of Defendant's employees and prospective employees whose rights under the FCRA were violated.

8. On behalf of himself and all class members, Plaintiff seeks statutory damages, punitive damages, costs and attorneys' fees, and all other relief available.

## PARTIES

9. Plaintiff Gardner is a resident of Madison, Illinois. Plaintiff is a member of the Putative Classes defined below.

10. Defendant is a foreign company formed under the laws of Illinois and doing business in Illinois and through the United States.

## JURISDICTION AND VENUE

11. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1331.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Plaintiff resides in Illinois, applied to work for Defendant in Illinois, and his claims arise, in substantial part, in Illinois. Defendant regularly conducts business in Illinois and is subject to personal jurisdiction in this district.

13. Plaintiff desires the trial to be held in the District Court of Illinois at East St. Louis,

Illinois.

## FACTUAL ALLEGATIONS

14. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

15. Plaintiff has worked for Defendant on and off over the last few years.

16. Plaintiff had surgery in or about November 2021.

17. Plaintiff called the Defendant in or about December 2021, to ask if they had any employment available.

18. Plaintiff was told the Defendant would call him when they had an open position.

19. Plaintiff called Defendant again and was told that because of a retail theft in his background he could no longer work for Defendant.

20. On information and belief, the Defendant obtained information about the alleged retail theft from a Consumer Report.

21. Defendant used this alleged conviction record as a basis to refuse to hire or renew Plaintiff's employment.

22. Plaintiff has never been provided with a copy of the Consumer Report from the Defendant.

23. Denying the Plaintiff a job because of information in his Consumer Report is an adverse action (as an adverse action is defined pursuant to the FCRA).

24. Plaintiff did not receive a copy of the Consumer Report prior to the adverse action and has never received a copy of the Consumer Report.

25. Plaintiff was not provided with a reasonable amount of time to challenge or address the information in his Consumer Report before the adverse action.

26. The significance of an individual's interest in retaining employment cannot be

overstated.

27. Defendant's action deprived the Plaintiff of his right to address the information being used against him.

28. Defendant's violations of the FCRA had downstream consequences including, but not limited to, violations of the Illinois Human Rights Act ("IHRA").

29. Defendant's action deprived the Plaintiff of his rights under the FCRA and IHRA.

30. Defendant's actions deprived the Plaintiff of his livelihood.

31. Defendant's actions threatened the Plaintiff's livelihood.

32. Defendant's actions deprived the Plaintiff of the chance to obtain a benefit.

33. Defendant's actions deprived the Plaintiff of the benefits associated with obtaining the information that was be used against him before any adverse action.

34. Defendant's actions deprived the Plaintiff of the chance to obtain the benefit of reviewing the Consumer Report prior to the adverse action.

35. Defendant's actions deprived the Plaintiff of opportunity and other tangible and intangible rights.

36. Plaintiff suffered tangible and intangible injury as a result of the Defendant's actions.

37. Defendant did not conduct an interactive assessment as required by the IHRA.

38. Defendant has never provided the Plaintiff with a preliminary decision in writing as required by the IHRA.

39. On information and belief, the Defendant is contractually and statutorily bound to provide the Plaintiff with a copy of his Consumer Report before taking any adverse action.

40. On information and belief, the Defendant is a party to contract/agreement that requires them to provide individuals with a copy of their Consumer Report before taking any adverse action based on information in that report.

41. On information and belief, the agreement between the Defendant and the Consumer Reporting Agency requires the Defendant to abide by the protections provided by 15 U.S.C. §1681b(b)(2) and b(b)(3).

42. On information and belief the Plaintiff is a member of the class of intended beneficiaries to the contract/agreement between the Defendant and the Consumer Reporting Agency.

43. Defendant is aware of the FCRA and the IHRA.

44. Defendant has knowledge that it must comply with the FCRA and the IHRA.

45. Despite having knowledge of the requirements of the FCRA and IHRA, Defendant failed to comply with either.

46. Defendant's violations of the FCRA and related violations of the IHRA combined with its knowledge of the requirements of both laws is evidence that the Defendant's violations were reckless.

47. The manner in which the Defendant obtained a Consumer Report on the Plaintiff is consistent with its policies and procedures governing the procurement of Consumer Reports on individuals for employment purposes.

## CLASS ACTION ALLEGATIONS

48. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

49. Plaintiff asserts the following adverse action class defined as:

> **FCRA ADVERSE ACTION CLASS:** All employees or prospective employees of Defendant that suffered an adverse employment action that was based, in whole or in part, on information contained in a Consumer Report, and who were not provided a copy of their report before adverse action during the period from December 2019, through the conclusion of this matter.

### Numerosity

50. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in Consumer Reports to evaluate individuals for employment purposes. Defendant relies on the information contained it said Consumer Reports, in whole or in part, as a basis for adverse employment action. Given the nature of Defendant's business, Plaintiff believes that during the relevant time period, a sufficient number of individuals would fall within the definition of the class.

### Common Questions of Law and Fact

51. Virtually all of the issues of law and fact in this class action predominate over any questions affecting individual class members. Among the questions of law and fact common to the classes are:

    a. Whether Defendant uses Consumer Report information as a basis to conduct adverse actions on employees and prospective employees;

    b. Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action class without first providing them with a copy of their Consumer Report;

    c. Whether Defendant's violations were reckless; and

    d. The proper measure of damages.

### Typicality

52. Plaintiff's claims are typical of the members of the proposed classes. Defendant typically uses Consumer Reports to conduct background checks on employees and prospective employees, but fails to provide them with a copy of their report before taking adverse action in violation of the law. The violations suffered by Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

### Adequacy of Representation

53. Plaintiff, as a representative of the classes, will fairly and adequately protect the interests of the Putative Classes and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

### Superiority

54. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

55. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding

their ability to protect their interests.

56. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

57. Class certification is also appropriate under Rule 23 of the Federal Rules of Civil Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against

58. Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution, the Plaintiff is unaware of any similar claims brought against Defendant by any members of the Putative Class on an individual basis. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

59. Plaintiff intends to send notice to all members of the putative class to the extent

required by Rule 23 of the Federal Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

## Adverse Action Violations

60. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

61. Defendant obtained a "Consumer Report," as defined by the FCRA, concerning the Plaintiff.

62. Defendant used the information in the Plaintiff's Consumer Report as a basis to take adverse employment action against the Plaintiff, and on information and belief, other members of the adverse action class.

63. Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members, with a copy of the Consumer Report that was used to take adverse employment action against them before to the adverse action.

64. Defendant violated the FCRA by failing to provide the Plaintiff and other adverse action class members with a reasonable time to address and/or dispute the information in their Consumer Report.

65. Had Defendant complied with the FCRA, Plaintiff would have been given time to review, dispute and/or address the information contained in the Consumer Report.

66. The Defendant's failure to provide the Plaintiff a copy of the Consumer Report denied the Plaintiff a meaningful opportunity to address the information contained within the Consumer Report.

67. Being provided a copy of the Consumer Report before termination, in compliance with the FCRA, would have helped the Plaintiff understand what information the Defendant was using against his.

68. Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff.

69. The foregoing violations were reckless.

70. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other individuals under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

   a. Defendant has access to legal advice through outside employment counsel;

   b. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

   c. 15 U.S.C. §1681-1681y, addresses the requirement of obtaining and using a Consumer Report.

71. Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

72. Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

73. Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

   a. Order that this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure;

   b. Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c. Order directing proper notice to be mailed to the Putative Class at Defendant's expense;

d. Order finding that Defendant committed multiple, separate violations of the FCRA;

e. Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

f. Order awarding nominal damages, statutory damages and punitive damages as provided the FCRA;

g. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h. Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

**Demand for Jury Trial**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed classes have a right to jury trial.

By: /s/ C. Jason Brown
Jayson A. Watkins IL 61434
C. Jason Brown IL 49952
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF